# In the United States Court of Federal Claims

**ORIGINAL**

No. 16-1425C

(Filed: June 2, 2017)

**FILED**

**JUN - 2 2017**

**U.S. COURT OF FEDERAL CLAIMS**

*******************************************

SAM HOUSTON,

            Plaintiff,

v.

THE UNITED STATES,

            Defendant.

*******************************************

Rental Housing Program for Homeless Veterans; Failure to Allege Contract with the United States or Existence of Money-Mandating Statute; Lack of Subject Matter Jurisdiction; Failure to State a Claim.

*Sam Houston,* Austin, Texas, *pro se* Plaintiff.

*Jessica L. Cole,* Trial Attorney, with whom were *Elizabeth M. Hosford,* Assistant Director, *Robert E. Kirschman, Jr.,* Director, and *Chad A. Readler,* Acting Assistant Attorney General, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., for Defendant.

## OPINION AND ORDER

WHEELER, Judge.

In this case, *pro se* Plaintiff Sam Houston has filed claims against the United States relating to two separate housing incidents. He is seeking money damages and injunctive relief in connection with his participation in a rental housing program for homeless veterans of service in the U.S. Armed Forces. He also appears to seek damages for alleged wrongful conduct by the Government in connection with the foreclosure of his home in 2014, just prior to his entry into the rental housing program. Defendant has filed a motion to dismiss for lack of subject matter jurisdiction under this Court's Rule 12(b)(1), and for failure to state a claim under Rule 12(b)(6). For the reasons set forth herein, Defendant's motion to dismiss is granted.

Background

Under the U.S. Housing and Urban Development-Veterans Administration Supported Housing program, or HUD-VASH, the VA identifies homeless veterans and refers them to public housing agencies run by local or state governments (PHAs). Under rules set by HUD, the PHAs then determine eligibility and an appropriate amount of housing assistance, and connect the veterans with landlords willing to lease to them. The veteran signs a lease directly with the landlord after approval by the PHA, and then pays his or her share of the rent to the landlord, while the PHA makes rental subsidy payments with funds provided by HUD, directly to the landlord. See Section 8 Housing Choice Vouchers: Revised Implementation of the HUD-VA Supportive Housing Program, 77 Fed. Reg. 17086 (Mar. 23, 2012); 24 C.F.R. §§ 982.1, 982.302, 982.308 (2016).

According to the Complaint (Dkt. No. 6), Mr. Houston and his spouse were referred by the local U.S. Veterans Administration Office under the HUD-VASH Program to the Housing Authority of the City of Austin (HACA), in September 2014, and they moved into an apartment provided by a participating landlord. Plaintiff and his spouse apparently got into a dispute with the landlord over rent increases, which resulted in commencement of eviction proceedings in a Texas county court in February 2016.[1] That case went to a jury trial with a verdict granting an eviction. Mr. Houston appealed the eviction and eventually removed it to federal court. In December 2016, the court found no federal jurisdiction and remanded the eviction appeal back to state court. Nuckols Crossing, Ltd. v. Houston, No. 1:16-CV-01064-LY-AWA (W.D. Tx. Dec. 9, 2016).

Also in February 2016, Mr. Houston filed a suit in state court separate from the eviction proceeding, against his landlord and others alleging wrongful acts and various constitutional violations in connection with his rental agreement, and he later added as defendants the Veteran's Administration and two of its employees. The United States then removed that case to federal court. In February 2017, all of Mr. Houston's claims in that case were dismissed. Houston v. Gonzales, No. 1:16-CV-00986-LY-AWA (W.D. Tx. Feb. 17, 2017).

Mr. Houston now seeks relief in this Court, claiming that officials of the local VA Office are responsible for the problems he incurred with his apartment lease, and for the emotional distress caused by those problems. He also claims that use of his veterans disability payments to pay his rent is prohibited by 38 U.S. § 5301, the Veterans Disability Protection Act.

---

[1] This date appears to be wrong in the Complaint, Dkt. No.6, ¶10, but has been noted correctly in public records as February 25, 2016. See Def. Mot. to Dismiss, p. 4 n.4.

Mr. Houston later amended his Complaint in the instant case (Dkt. No. 7), to add claims against the United States for "illegal foreclosure" of his residence in Travis County, Texas. This foreclosure was conducted by the Bank of America, a private entity; however Mr. Houston claims jurisdiction of this Court based on the role of the Federal National Mortgage Association (also known as Fannie Mae) which "condoned" the foreclosure and thus committed an illegal taking "for public use" of his property. There is no description of the alleged unlawful public use.

## Standard of Review

The Court must first determine whether a plaintiff has established subject matter jurisdiction before proceeding to review the merits of the complaint. Fisher v. United States, 402 F.3d 1167, 1173 (Fed. Cir. 2005). The jurisdiction of this Court is limited and extends only as far as prescribed by statute. Id. at 1172. The Tucker Act ordinarily is the focus of subject matter jurisdiction in this Court, and states:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1).

The Tucker Act itself "does not create a cause of action." RHI Holdings, Inc. v. United States, 142 F.3d 1459, 1461 (Fed. Cir. 1998). Thus, a plaintiff must identify a "separate source of substantive law that creates the right to money damages" in order to invoke the Court's jurisdiction over a claim. Greenlee County, Ariz. v. United States, 487 F.3d 871, 875 (Fed. Cir. 2007) (quoting Fisher, 402 F.3d at 1172). Failure to establish jurisdiction under the Tucker Act requires the Court to dismiss under Rule 12(b)(1). Outlaw v. United States, 116 Fed. Cl. 656, 658 (2014). When deciding a Rule 12(b)(1) motion to dismiss, a court must assume that all the undisputed facts in the complaint are true and draw reasonable inferences in the non-movant's favor. Erickson v. Pardus, 551 U.S. 89, 91 (2007). Complaints filed by *pro se* plaintiffs are held to less stringent standards than those composed by lawyers; however this does not relieve a *pro se* litigant from meeting his burden to establish jurisdiction. The Tucker Act gives this Court jurisdiction over "any express or implied contract with the United States." However, that statute has been interpreted to require a separate source of money damages to establish jurisdiction. Fisher, 402 F.3d at 1172. Jurisdiction could be based on a contract with the United States

so long as the contract contemplates the recovery of money damages for breach. Volk v. United States, 111 Fed. Cl. 313, 323 (2013).

Under the requirements of Rule 12(b)(6), a complaint fails to state a claim upon which relief may be granted "when the facts asserted by the claimant do not entitle him to a legal remedy." Briseno v. United States, 83 Fed. Cl. 630, 632 (2008) (citation omitted). The Court must construe allegations in the complaint favorably to the plaintiff. See Extreme Coatings, Inc. v. United States, 109 Fed. Cl. 450, 453 (2013). Still, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted)). Further, a plaintiff may not simply plead "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).

## Discussion

Under the facts alleged by Mr. Houston, this Court clearly lacks jurisdiction to review the rental agreement in dispute here. The lease was between Mr. Houston and a private landlord, acting through a local PHA. Plaintiff has the burden of proof to show a contract with the United States as a basis for Tucker Act jurisdiction, but has failed to show any contract with the Veterans Administration, whose role appeared to be limited to recommending him as an eligible person to participate in the HUD-VASH program. The jurisdiction of this Court is limited to certain claims against the United States. 28 U.S.C. § 1491(a)(1); United States v. Sherwood, 312 U.S. 584, 588 (1941); Moore v. Public Defenders Office, 76 Fed. Cl. 617, 620 (2007) ("When a plaintiff's complaint names private parties, or local, county, or state agencies, rather than federal agencies, this court has no jurisdiction . . . ."). Mr. Houston has failed to allege any contract with a federal agency in connection with his apartment lease.

Similarly, this Court has no jurisdiction over Mr. Houston's claim for fraud or emotional distress, which are torts. Torts are specifically excluded from this Court's jurisdiction by the Tucker Act. 28 U.S.C. §1491(a)(1); Shearin v. United States, 992 F.2d 1195, 1197 (Fed. Cir. 1993).

Mr. Houston also asks this Court to review use of his veterans disability payments to pay rent, which he claims is prohibited by the Veterans Disability Protection Act, 38 U.S.C. § 5301. However, there is no basis for this Court's jurisdiction over that statute, which does not provide for the payment of money and thus is not money-mandating. Absent jurisdiction for money damages, this Court cannot grant declaratory or injunctive relief based on any alleged violation of its provisions. Pryor v. U.S., 85 Fed. Cl. 97, 103 (2008).

4

Finally, Mr. Houston's claim of illegal foreclosure by the Bank of America which was "condoned" by Fannie Mae fails to show any basis for jurisdiction by this Court, since a privately-owned bank conducted the foreclosure. Even if Fannie Mae's role could be seen as giving this Court jurisdiction, there are no allegations of conduct which could rise to the level of a "taking" as claimed by Mr. Houston. While the Fifth Amendment of the U.S. Constitution states that "private property [shall not] be taken for public use, without just compensation," Mr. Houston has alleged no public use of his real property. Thus, this claim not only fails to establish jurisdiction, but fails to state a claim for which this Court can grant relief.

For all the reasons set forth herein, Defendant's motion to dismiss is GRANTED. Plaintiff's Motions for a Temporary Restraining Order (Dkt. No. 11), Amendment (Dkt. No. 12) and Appointment of Counsel (Dkt. No. 17) are DENIED as moot.

The Clerk is directed to dismiss this case without prejudice. No costs.

IT IS SO ORDERED.

THOMAS C. WHEELER
Judge